# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALI TAHLIL HAJIOSMAN, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 18-cv-2093-SMY ) |
| WARDEN, Pulaski County Detention Center, | ) ) ) |
| Respondent. | ) ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Ali Tahlil Hajiosman filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), challenging his detention by Immigration and Customs Enforcement ("ICE"). Now before the Court is Respondent's Motion to Dismiss Petition as Moot. (Doc. 9). Respondent filed the Motion after the Court directed him to respond to the Petition. (Doc. 3). A copy of the Motion was mailed to Petitioner at his address of record (the Pulaski County Detention Center), but as Petitioner is no longer there and has not submitted a change of address, no response from him is expected.

## Relevant Facts and Procedural History

The instant Petition was filed on November 19, 2018. Petitioner sought release from ICE custody because he had been detained for approximately a year following the issuance of his Final Order of Removal. (Doc. 1, pp. 6-7). Respondent now informs the Court via the instant motion that Petitioner was released from detention and removed from the United States to Somalia on November 29, 2018. (Doc. 9, p. 2; Doc. 9-1, p. 3).

## Analysis

A Petition filed under 28 U.S.C. § 2241 is the appropriate vehicle for challenging the length of detention pending removal. *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001). Under 28 U.S.C. § 2241(c), a writ of habeas corpus "shall not extend to a prisoner" unless he is "in custody." The "in custody" requirement is satisfied if the petitioner was in custody at the time of the filing of the petition. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). Therefore, a detainee who is released while his petition for writ of habeas corpus is pending meets the "in custody" requirement; his release does not necessarily render his petition moot. However, the petition must still present a "case or controversy" under Article III, § 2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (internal citation omitted).

"The inability to review moot cases stems from the requirement of Article III of the Constitution which limits the exercise of judicial power to live cases or controversies." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). Therefore, the Seventh Circuit directs district courts to "dismiss a case as moot when it cannot give the petitioner any effective relief." *Ibid.* That is the situation in this case. Insofar as Petitioner has removed to Somalia, he has received the relief sought, *i.e.*, release from ICE custody.

## Disposition

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. 9) is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court shall enter judgment in accordance with this Order.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be

filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: January 4, 2019**

s/ STACI M. YANDLE  
United States District Judge
